Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| JOSÉ DE JESÚS GENAO CRUZ<br><br>Recurrida<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrente | KLRA202400664 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Caso núm.: GMA500-530-24 |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de enero de 2025.

El Sr. José De Jesús Genao Cruz (el "Recurrente"), miembro de la población correccional, comparece, por derecho propio, mediante recurso de revisión judicial, y nos solicita que revisemos una *Resolución* del Departamento de Corrección y Rehabilitación ("Corrección") en conexión con un proceso disciplinario en su contra. Según se explica a continuación, concluimos que procede la confirmación de la decisión impugnada.

I.

Luego de la correspondiente vista, Corrección emitió una Resolución (la "Resolución"), mediante la cual se encontró incurso al Recurrente por violación a los Códigos 216 y 233 del Reglamento Disciplinario correspondiente, sobre "paralizar, impedir, obstaculizar [o] entorpecer un recuento" y sobre "desobedecer una orden directa". Se le impuso al Recurrente, como sanción, suspensión de los privilegios de comisaría, recreación activa, visita, y actividades especiales por un período de 30 días.

Número Identificador
SEN2025_____

En la Resolución, se formularon las siguientes determinaciones de hechos. El 25 de agosto de 2024, mientras la Oficial Correccional Adnerb Rivera (la "Oficial") realizaba "el recuento reglamentario", el Recurrente interrumpió el mismo con el fin de solicitar el número de placa de la Oficial. Se determinó que el Recurrente lo hizo "de forma insistente y hostil, causando con su comportamiento que se viera entorpecido el proceso de recuento reglamentario". También se determinó que la Oficial le ordenó al Recurrente que esperase a la culminación del recuento para brindar su apellido y número de placa, pero el Recurrente "desobedeció la orden directa emitida" por la Oficial. Se consignó que el Recurrente admitió que, una vez concluido el recuente, la Oficial le "brindó la información de su apellido y número de placa".

El Recurrente solicitó reconsideración y, mediante una determinación notificada el 14 de noviembre, Corrección denegó la referida solicitud.

El recurso de referencia fue presentado el 2 de diciembre; el Recurrente plantea que la querella en su contra se presentó "en represalia" y que el examinador no fue imparcial porque solo tomó en cuenta lo declarado por la Oficial y otra empleada de Corrección. Insistió en que era deber de la Oficial tener su apellido y número de placa en el uniforme. Resolvemos.

II.

En la evaluación de una solicitud de revisión judicial, los tribunales tienen que otorgar gran deferencia a las decisiones que toman las agencias administrativas, pues son estas las que, de ordinario, poseen el conocimiento especializado para atender los asuntos que les han sido encomendados por ley. *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006).

Se presumen correctas las determinaciones de hecho emitidas por las agencias administrativas y estas deben ser respetadas a

menos que quien las impugne presente evidencia suficiente para concluir que la decisión de la agencia fue irrazonable de acuerdo a la totalidad de la prueba examinada. *Íd.* Por lo tanto, "la revisión judicial ha de limitarse a determinar si la agencia actuó arbitrariamente, ilegalmente o de manera tan irrazonable que su actuación constituyó un abuso de discreción". *Íd.*

Así pues, debemos sostener las determinaciones de hecho de la agencia cuando estén basadas en evidencia sustancial que surja del expediente administrativo. 3 LPRA sec. 9675. Sin embargo, el tribunal podrá revisar en todos sus aspectos las conclusiones de derecho de la agencia. *Íd.*

III.

Concluimos que procede la confirmación de la decisión recurrida, pues no se desprende de la argumentación del Recurrente razón para intervenir con la misma.

Surge del récord ante nosotros que Corrección investigó la querella y realizó una vista en la cual recibió evidencia, sobre la base de lo cual concluyó que el Recurrente había incurrido en las faltas imputadas. Contrario a lo planteado por el Recurrente, no se demostró que las determinaciones fácticas de Corrección carezcan de apoyo en el récord.

Lo declarado por la Oficial y por otra empleada de Corrección (Sgto. Doris J. Rodríguez Avilés"), le permitía razonablemente a Corrección concluir que el Recurrente incurrió en la conducta prohibida. El Recurrente no podía interrumpir el recuento ni podía desobedecer la orden de esperar a que el mismo culminara para obtener la información que interesaba.

En fin, la determinación de Corrección se presume correcta y merece nuestra deferencia, particularmente cuando el Recurrente no sustentó adecuadamente sus planteamientos fácticos y jurídicos.

Por los fundamentos antes expuestos, confirmamos la decisión impugnada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones